# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KOVACHERICH J. ARNOLD,**

    **Plaintiff,**

**VS.**                                                  **Case No. 4:16cv136-MW/CAS**

**STATE OF FLORIDA,**
**MADISON CORRECTIONAL**
**INSTITUTION,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff was granted leave to proceed with in forma pauperis status, ECF No. 4, and was directed to file an amended civil rights complaint. Plaintiff's amended complaint, submitted under 42 U.S.C. § 1983, ECF No. 5, was filed on April 11, 2016, and has been reviewed.

Plaintiff's complaint appears to name the State of Florida and/or the Florida Department of Corrections as a Defendant on page one of the complaint form. On page two, however, Plaintiff lists only the Madison Correctional Institution as to the location of the Defendant. At a minimum,

a complaint must be clear in identifying the Defendant and the basis for a claim brought against a Defendant. Plaintiff's complaint is not clear.

In Section III of the complaint form, the instructions require Plaintiff to describe how the Defendant "was involved and what each person did or did not do which gives rise to your claim." ECF No. 5 at 3. Plaintiff did not include any facts, but wrote: "See attachments which is the settlement agreement on file." *Id.* Plaintiff did not attach the relevant Settlement Agreement to his complaint and, moreover, Plaintiff has provided no facts in support of his amended complaint.

In Section IV, the Statement of Claims section of the complaint form, Plaintiff stated only that Defendant failed "to follow the Settlement Agreement" and stated that Plaintiff's "Florida Department of Law Enforcement profile" reflects negatively and "has impacted his ability to obtain a job . . . and also resulted in Plaintiff [sic] certification expireing [sic] for being inactive." *Id.* at 4. Plaintiff does not clearly explain what the Settlement Agreement required, nor does he clearly explain how the Agreement was violated. Plaintiff has provided no facts which state a claim and the amended complaint is insufficient.

Case No. 4:16cv136-MW/CAS

Plaintiff's request for relief is not clear either. Plaintiff requests that his case be reopened, which is relief that cannot be provided in this separate case. It is unclear whether Plaintiff is also requesting that his FDLE profile be changed and he be "allowed to recieve [sic] his invested retirement." ECF No. 5 at 4.

In all respects, Plaintiff's amended complaint is insufficient to state a claim. Plaintiff has not shown the violation of a constitutional right, nor has Plaintiff identified a specific person who caused him harm. Having already provided Plaintiff with an opportunity to submit an amended complaint, it does not appear that further opportunities should be extended because no viable claim is evident.

Judicial notice is taken that Plaintiff previously brought an employment discrimination case against the Florida Department of Corrections. *See* case # 4:10cv204-WS/WCS. Following mediation, the parties reached a settlement agreement which, among other things, required the Department to "submit an amended separation report to the Florida Department of Law Enforcement reflecting plaintiff's resignation form employment rather than termination." ECF No. 52-1 at 2, case # 4:10cv204. The docket from that case reflects that it was dismissed on

April 28, 2011, on the parties filing a notice of settlement. ECF No. 48 of that case. An Order of Dismissal was entered by Senior United States District Judge William Stafford consistent with the mediator's report. *See* ECF Nos. 47, 48, and 54. Judge Stafford's Order provided that if the settlement was "not consummated for any reason, the court reserve[d] the power, upon motion filed by any party, within sixty (60) days after the date hereof, to amend, alter, or vacate and set aside the judgment of dismissal." ECF No. 48.

A motion was filed on June 27, 2011, advising that Plaintiff's counsel received the settlement agreement but Plaintiff refused to sign the agreement. ECF No. 50. Based on Plaintiff's refusal, the Department would not comply with its terms of the agreement until it received an executed agreement from Plaintiff. *Id.* Plaintiff's counsel requested the agreement be set aside, ECF No. 50, but Judge Stafford concluded after a telephone status conference that Plaintiff had "provided no valid reason for setting aside the Mediation Settlement Agreement." ECF No. 54 at 1-2. Judge Stafford issued an Order on July 5, 2011, advising that Defendant's *ore tenus* motion to enforce settlement would be granted unless Plaintiff

provided a "valid reason, substantiated by admissible evidence, for not enforcing the parties' settlement agreement . . . ." *Id.* at 2.

Subsequently, the case was referred to Magistrate Judge William Sherrill and Plaintiff's counsel was permitted to withdraw. ECF Nos. 58, 59-61. An evidentiary hearing was held on whether the settlement should be set aside based on Plaintiff's claim that he was incompetent during mediation as a result of health issues. Following the hearing, during which Plaintiff was represented by new counsel, *see* ECF No. 67, a Report and Recommendation was entered by Judge Sherrill concluding that because Plaintiff had not shown mental incompetence sufficient to set aside the agreement, Plaintiff's motion to vacate the judgment, ECF No. 56, should be denied. ECF No. 74. Judge Stafford adopted the Report and Recommendation on December 21, 2011. ECF No. 76.

Accordingly, Plaintiff's amended complaint filed in this case is insufficient to state a claim. Judicial notice is taken that Plaintiff has previously sought to reopen his employment discrimination case and challenge the settlement agreement. Those efforts were not successful. No further relief may be provided in this case concerning prior litigation. Plaintiff has already had his day in court and he may not seek to do in a

new case what he could not do in his prior case.  Finally, because the prior case closed in December 21, 2011, and this case was not initiated until March 4, 2016, it appears that any claims challenging compliance with the settlement agreement would be barred by the statute of limitations.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2016.

      s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**